Jacob Markowitz, J.
Motions numbered 137 and 149 of March 14, 1969 are consolidated and disposed of together.
These are motions by the defendants in this action to dismiss the complaint on the ground that plaintiffs do not have legal capacity to sue. Plaintiffs ‘ ‘ individually and as members ’ ’ of the Bide-A-Wee Home Association, Inc., a membership corporation, organized under the laws of this ¡State, have brought this derivative action on behalf of the corporation, charging those in control of its policies with waste and other improper conduct. It is alleged that the officers and directors of the corporation wasted assets in hiring and paying the salary of a consultant to the Home, by lending money to said consultant and by patronizing a brokerage firm in which one of the directors had an interest. It is also alleged in the complaint that, contrary to their representations to members, contributors and the general public, that Bide-A-Wee will not destroy animals entrusted to its charge unless the animals become incurably ill, the defendants have in fact “ resumed or are about to resume, the practice of destroying animals entrusted to their care although such animals are not incurably ill. ”
Corporate derivative actions are generally governed by article 6 of the General Corporation Law. Excluded from the *323 application of article 6 are certain specified corporations (General Corporation Law, § 130). Membership corporations are not among these exclusions. They, therefore, must be regarded as within the coverage of article 6. Defendants contend that the provisions of article 6 limit the bringing of such actions to the Attorney-General, creditors or receivers or trustees in bankruptcies, directors, officers, or shareholders who were shareholders at the time the transactions complained of occurred (General Corporation Law, § 61). They aver that since plaintiffs are not ‘‘ shareholders ’ ’ they have no standing to bring this action. They claim further that even if 1 ‘ members ” of a membership corporation were permitted to institute this type of proceeding in the same manner as ‘ ‘ shareholders ” in a stock corporation, the afore-mentioned provision with respect to shareholders is applicable, and those who were not members at the time of the transactions complained of are barred from bringing derivative suits. They also contend that plaintiffs are not members of the corporation.
The fact that there are available other means of looking into the affairs of a corporation does not prevent a derivative suit from being instituted even where a membership corporation is concerned (Stoddard v. Schwab, N. Y. L. J., March 9, 1937, p. 1179, col. 2, affd. 253 App. Div. 720). In fact, one of the reasons set forth in the Stoddard case (supra) for recognizing the right to bring such actions despite the court visitation provisions contained in section 26 of the Membership Corporations Law is that the visitation provisions permit inquiry only into ‘ ‘ transactions during the twelve months next preceding ” the granting of an order thereunder, and not to prior transactions. The same reasoning is applicable to the matter at bar.
As for the provision relating to shareholders in the section 61 of the General Corporation Law, such provision was inserted in 1944 as a limitation upon actions brought on behalf of stock corporations to eliminate incidence of “ strike suits.” This limitation imposed on shareholders in stock corporations in no way affected the then existing rights of others entitled to maintain such actions. Accordingly, the fact that plaintiffs are not “ shareholders ” in the true sense or were not members of the corporation at the time of the transactions complained of is irrelevant.
The thrust of defendant’s further argument that plaintiffs are not ‘ ‘ members ’ ’ of the corporation and therefore have no standing herein is centered around the by-laws of the corporation which limit voting in the corporation to “ executive ” and “ life ” members only. Concededly, plaintiffs belong to neither *324 category. Section 40 of the Membership Corporations Law, however, provides that each person admitted to membership in a membership corporation pursuant to law or to its by-laws shall be a member of the corporation until his membership shall terminate by death, resignation, or otherwise. In addition to the afore-mentioned groups of membership, the by-laws of the instant corporation provide for honorary members and various other categories of membership based upon the amount of contributions made. The papers disclose that at least one of the plaintiffs by virtue of her contributions belongs within one of these membership categories. There appears to be no restriction in law with respect to the limitation of the rights of members to sue on behalf of the corporation on the basis of their voting rights therein. The fact that a member may be restricted from voting in a membership corporation is recognized in the Membership Corporations Law (§ 41). This in no way diminishes his standing as a member.
Defendant’s argument that special consideration should be given to a membership corporation which operates as a charity is not persuasive. Such consideration, if appropriate, must come from the Legislature.
The within determination is confined solely to the questions raised on this motion with respect to the standing of the plaintiffs to bring this action. It in no way should be considered as reflective upon the merits of the action. Motion to dismiss the complaint is denied.